Kira M. Rubel (CA SBN/ 253970)
Law Offices of Kira M. Rubel
19689 7Th Ave. NE, Ste. 160
Poulsbo, WA 98370
Tel.: (800) 836-6531
Fax: (206) 238-1694

David P. Schafer (TX SBN/ 00797865) *Pending Admission Pro hac vice*
Brian J. Trenz (TX SBN/24067911) *Pending Admission Pro hac vice*
**LAW OFFICES OF DAVID P. SCHAFER**
2139 N.W. Military HWY, Suite 200
San Antonio, TX 78213
(210) 348-0500 phone
(210) 348-0520 fax

*Attorneys for Plaintiff, JESSE GARCIA, JR.*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSE GARCIA, JR. on behalf of himself and all others similarly situated,**<br><br>    **Plaintiff,**<br><br>**vs.**<br><br>**CAINE & WIENER COMPANY, INC. and NESTLE WATERS NORTH AMERICA, INC.**<br><br>    **Defendants.** | CASE NO.   **'16 CV0850 DMS DHB**<br><br><u>**CLASS ACTION**</u><br><br>**COMPLAINT for Damages and Injunctive Relief Pursuant To:**<br>**(1) The Telephone Consumer Protection Act, (47 U.S.C § 227 *et seq.*);**<br>**(2) The Fair Debt Collection Practices Act, (15 U.S.C. § 1692 *et seq.*)**<br><br>*<u>Jury Trial Demanded</u>* |

## INTRODUCTION

1.   JESSE GARCIA, JR. ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal

actions of Defendants, CAINE & WEINER COMPANY, INC., and NESTLE WATERS NORTH AMERICA, INC. and each of their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, assigns, and/or related entities (referred to collectively as "Defendants" or individually as "CAINE & WEINER" or "NESTLE", respectively), in negligently, and/or willfully, contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, ("TCPA"). Moreover, Plaintiff alleges that he was wrongfully and illegally contacted in violation of the Fair Debt Collection Practices Act, (15 U.S.C. § 1692 *et. seq.*)("FDCPA"). Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### JURISDICTION AND VENUE

2.    Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff's complaint alleges violations of a federal statute.    Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").    Therefore, both the elements of federal question and CAFA jurisdiction are present.

3.    Venue is proper in the United States District Court for the Southern District of Texas pursuant to 18 U.S.C. § 1391(b)(c) and § 1441(a) because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this district are sufficient to subject it to personal jurisdiction.    On information and belief, Defendant, CAINE & WEINER, has made the same calls complained of by

**Class Action Complaint for Damages**

Plaintiff on behalf of Defendant, NESTLE, within this judicial district, such that some of Defendants' acts in making such collection calls have occurred within this district.

<u>**PARTIES**</u>

4.    Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Texas who resides in San Antonio, Texas.

5.    Plaintiff is informed and believed, and thereon alleges, that Defendant CAINE & WEINER is a debt collector, and is, and at all times mentioned herein was, a Corporation founded under the laws of the State of California, whose primary corporate offices are located at 21210 Erwin Street, Woodland Hills, California 91367.   Plaintiff alleges that at all times relevant to this complaint Defendant conducted business within the State of California and the County of San Diego by collecting and attempting to collect debts by calling consumers within this judicial district on behalf of NESTLE (to collect upon OZARKA debts.)  Defendant attempts to collect debts by, among other means, making calls to cellular telephones.

6.    Plaintiff is informed and believed, and thereon alleges, that Defendant, NESTLE, is the corporation that owns multiple trademarks including "Ozarka Brand", and at all times mentioned herein was, a Corporation founded under the laws of the State of Delaware, whose primary corporate offices are located at: 900 Long Ride Road, Building #2, Stamford, Connecticut 06902. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California through its agent, CAINE & WEINER, which was acting on behalf of NESTLE by making telephone calls within this judicial district in order to collect upon debts owed to NESTLE.  On information and belief, Plaintiff alleges that the Defendant, NESTLE, through its trademark brands, including OZARKA, offers services that provide water to commercial and residential customers throughout the United States.   When those customers have delinquent accounts, some, if not all, of those accounts are assigned to CAINE & WEINER, as NESTLE's debt collection arm, for the purposes of collecting upon the delinquent obligations.

**Class Action Complaint for Damages**

## THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227

7.   In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.   The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

9.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

10.  On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and/or prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*2008 FCC Order*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

**Class Action Complaint for Damages**

consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

11.  Moreover, the FCC has clearly articulated that any calls made *on behalf of a creditor makes the creditor equally liable, as if the creditor itself had made the calls*. "Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call."[6]

### The Fair Debt Collections Practices Act (FDCPA)
### 15 U.S.C. § 1692

12.  Established in 1978, the FDCPA prohibits false, deceptive, misleading, harassing, abusive and offensive conduct during the collection of consumer debts by a debt collector.

13.  "Debt Collectors" include any person who uses any instrumentality of interstate commerce (phone, mail, email) in any business, the principal purpose of which is collection of the debts of another. 15 U.S.C. § 1692a(6).

14.  Under the FDCPA, specific debt collection practices are made illegal.  A debt collector may not discuss the alleged debt with any third party. 15 U.S.C § 1692b(2). To the extent it is required to do so, the debt collector may only contact a third party one time for the purpose of obtaining debtor location information. 15 U.S.C. § 1692b(3).  Further, the debt collector cannot contact any consumer if the consumer indicates that he or she is represented by an attorney. 15 U.S.C. § 1692c(a)(2).

15.  The FDCPA provides a general prohibition against the use of false, deceptive or misleading collection tactics. Most importantly, a collector's actions are to be interpreted from the perspective of the "least sophisticated consumer." <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222, 1225 (9th Cir. 1988).

//

---

[5] *2008 FCC Order*, 23 F.C.C.R. at 564-65 (¶ 10).
[6] <u>Id.</u>

## FACTUAL ALLEGATIONS

16.  At all times relevant, Plaintiff was a citizen of the State of Texas.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (32).

17.  Defendants are, and at all times mentioned herein were, entities that meets the definition of "person," as defined by 47 U.S.C. § 153 (32).

18.  At all times relevant, Defendants conducted business in the State of California and in the County of San Diego, within this judicial district.

19.   Beginning no later than January of 2013 and continuing through approximately September of 2015, Defendant, CAINE & WEINER called Plaintiff on his cellular telephone number, ending in "5458", in an attempt to collect a debt on an allegedly delinquent OZARKA account.  As of the date of filing this complaint, Plaintiff has received more than 50 debt collection calls from Defendant.

20.  All of these debt collection calls were all made on behalf of OZARKA, to collect on an OZARKA debt, which is a fully owned trademark of the NESTLE brand.

21.  Plaintiff has never had an account with OZARKA nor has he ever signed any agreement that would make him liable for any debt owed to OZARKA.    Rather, Plaintiff believes that the debt actually belongs to another Jesse Garcia and that the true "Jesse Garcia" who owed the underlying debt is unknown to him.

22.  Plaintiff did not provide any of these Defendants with his cellular telephone number at any time.  Plaintiff never gave Defendants prior express consent to call him on his cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23.  On information and belief, Defendants most likely obtained Plaintiff's cellular telephone number from a third party, or by "skip tracing" such number.   The conversations between CAINE & WEINER and the Plaintiff indicate that said Defendant was calling multiple persons by the name of "Jesse Garcia" in an effort to find the proper debtor.

**Class Action Complaint for Damages**

24.   Notwithstanding the fact that Plaintiff never provided Defendants with his cellular number and that Plaintiff never owed any debt to Defendant, they, or their agents, have called Plaintiff on his cellular telephone via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and/or by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).   This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

25.   These calls were made on behalf of and at the direction of NESTLE in an effort to collect an OZARKA debt.  The employee for CAINE & WEINER indicated that if the account was paid in full, OZARKA (vis a vis NESTLE) would continue its water services.

26.  Some of these calls to Plaintiff were also made by prerecorded voice message during the timeframe from January 2013 through approximately September of 2015.

27.  Plaintiff informed CAINE & WEINER on multiple occasions that he was not the appropriate Jesse Garcia, owed no debt to OZARKA and, in fact, had no relationship to OZARKA or NESTLE.

28.   The telephone number Defendants and/or their agents called is assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

29.  These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

30.  These telephone calls by Defendants and/or their agents violated 47 U.S.C. § 227(b)(1).

31.  Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, it is Defendant's burden to demonstrate that Plaintiff provided express consent to receive such calls – a burden it cannot surpass.

//

//

**Class Action Complaint for Damages**

## Class Action Allegations

32. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

33. Plaintiff represents, and is a member of, the First Class consisting of individuals whose rights under the TCPA were violated by CAINE & WEINER:

> All persons within the United States who received any telephone call from Defendant CAINE & WEINER or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed, within the four years prior to the filing of the Complaint in this action.

34. Plaintiff represents, and is a member of, the Second Class, consisting of individuals whose rights under the TCPA were violated through CAINE & WEINER's collection efforts on behalf of OZARKA and NESTLE:

> All persons within the United States who received any telephone call from Defendants or their agents to said person's cellular telephone through the use of any automatic telephone dialing system or with an artificial or prerecorded voice who did not provide prior express consent during the transaction that resulted in the debt owed and the purpose of the call was to collect on a debt owed to NESTLE or any of its trademark brands, including OZARKA, within the four years prior to the filing of the Complaint in this action.

**Class Action Complaint for Damages**

35.  Plaintiff represents, and is a member of, the Third Class, consisting of individuals whose rights were violated under the FDCPA:

> All persons within the United States who received any debt collection telephone call from Defendant CAINE & WEINER, or their agents, did not owe the debt about which Defendants were calling, informed CAINE & WEINER that he or she did not owe the debt, and continued to receive calls after this date, within the year preceding the filing of this complaint.

36.  Excluded from the Class are Defendants and any entities in which Defendants has a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

37.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Plaintiff believes Defendants engaged in a pattern and practice of attempting to reach debtors in the same manner they attempted to reach him.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of this matter.

38.  Plaintiff and the members of the Class were harmed by the acts of Defendants in, but not limited to, the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and/or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; by having to retrieve or administer messages left by Defendants during those illegal calls; and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

**Class Action Complaint for Damages**

39.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40.     The joinder of the Class members is impracticable and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified through Defendants' records or Defendants' agents' records.

41.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendants and/or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b) Whether Defendants can meet its burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c) Whether Defendants' conduct was knowing and/or willful;

    d) Whether Defendants are liable for damages, and the extent of statutory damages for such violation;

    e) Whether Defendants should be enjoined from engaging in such conduct in the future; and

**Class Action Complaint for Damages**

f) Whether Defendant, CAINE & WEINER, continued to make calls to Plaintiff after he specifically told Defendant, CAINE & WEINER, that he was not the debtor.

42. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent, after revoking any perceived consent, and after informing Defendants that he was represented by an attorney, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

43. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law would be allowed to proceed without remedy and Defendants would undoubtedly continue such illegal conduct. Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to require Defendants to comply with federal debt collection laws. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for a violation of this statute are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**Class Action Complaint for Damages**

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227

46.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

48.    As a result of Defendants/ negligent violations of 47 U.S.C. § 227, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).   Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

49.    Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

### TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227

50.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

52.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

**Class Action Complaint for Damages**

53.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

54.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *ET SEQ.*

55.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     Defendant CAINE & WEINER contacted Plaintiff on his cellular telephone in order to collect upon a debt that Plaintiff did not owe. During this phone conversation, Plaintiff repeatedly indicated that he did not owe the debt about which Defendant was calling, all in violation of 15 U.S.C. § 1692 et seq.

57.     Moreover, the conduct of calling the Plaintiff in violation of the TCPA is also a deceptive and illegal act as provided by the FDCPA.

58.     As a result of Defendant CAINE & WEINER'S actions, Plaintiff and the Class are entitled to an award of $1,000.00 in statutory damages per person.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

59.     Plaintiff and Class members are also entitled to an award of reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

        Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 (five-hundred

**Class Action Complaint for Damages**

dollars) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.
- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR
## WILLFUL VIOLATIONS OF THE TCPA

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 (one-thousand-five-hundred dollars) for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.
- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.
- Any other relief the Court may deem just and proper.

//

14

**Class Action Complaint for Damages**

### <u>THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE **FDCPA**</u>

- As a result of Defendant CAINE & WIENERS's violations of the FDCPA, Plaintiff seeks for himself and each Class member $1,000 in statutory damages, as provided by statute.

- Injunctive relief prohibiting such conduct in the future.

- An award of attorneys' fees and costs to counsel for Plaintiff and the Class.

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class.

- Any other relief the Court may deem just and proper.

### <u>TRIAL BY JURY</u>

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: April 8, 2016                LAW OFFICES OF KIRA M. RUBEL
                                   By:  /s/ Kira M. Rubel
                                   Kira M. Rubel


Date: April 8, 2016                LAW OFFICES OF DAVID P. SCHAFER
                                   By:  /s/ David Schafer
                                   David P. Schafer
                                   Brian J. Trenz

                                   *Attorneys for Lead Plaintiff and the Putative Class*

**Class Action Complaint for Damages**