CHRISTOPHER J. HEALEY (SBN 105798)
ROBERT A. COCCHIA (SBN 172315)
DENTONS US LLP
4655 Executive Drive, Suite 700
San Diego, CA 92121
Telephone: (619) 236-1414
Facsimile: (619) 232-8311
E-mail:   chris.healey@dentons.com
          robert.cocchia@dentons.com

JEFFREY M. GARROD (Admitted *Pro Hac Vice*)
ORLOFF, LOWENBACH, STIFELMAN
   & SIEGEL, P.A.
101 Eisenhower Parkway, Suite 400
Roseland, NJ 07068
Telephone: (973) 622-6200
Facsimile: (973) 622-3073
Email:    jmg@olss.com

Attorneys for Defendant
NESTLÉ WATERS NORTH AMERICA INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GARCIA, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAINE & WIENER COMPANY, INC. and NESTLÉ WATERS NORTH AMERICA INC.,<br><br>Defendants. | Case No. 16-CV-00850-DMS (DHB)<br><br>**CLASS ACTION**<br><br>**ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Judge:   Hon. Dana M. Sabraw<br>Dept.:   13A<br><br>Trial Date:   Not Set<br><br>Second Amended<br>Complaint Filed: September 29, 2016<br>Action Filed:   April 8, 2016 |

Defendant Nestlé Waters North America Inc. ("NWNA"), by and through its undersigned counsel, hereby responds to the Second Amended Complaint ("Complaint") filed by plaintiff Jesse Garcia, Jr. ("Plaintiff") as follows:

## Introduction

1. NWNA admits that this action is brought against NWNA under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). Except as specifically admitted, NWNA denies the allegations contained in Paragraph 1 of the Complaint.

## Jurisdiction and Venue

2. The allegations set forth in Paragraph 2 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA admits that the court has federal question subject matter jurisdiction because the action arises under the TCPA. NWNA denies that the Court has diversity jurisdiction under the Class Action Fairness Act ("CAFA") and denies all remaining allegations in Paragraph 2 of the Complaint.

3. The allegations set forth in Paragraph 3 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies the allegations contained in Paragraph 3 of the Complaint.

## Parties

4. NWNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, denies them.

5. NWNA denies the allegation contained in Paragraph 5 that Defendant Caine & Weiner Company, Inc. (C&W) made telephone calls on behalf of, and as an agent of, NWNA. NWNA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, denies them.

6. NWNA admits that it is a corporation incorporated in the State of Delaware, with its principal place of business located at 900 Long Ridge Road,

Stamford, Connecticut; that it conducted business in the State of California; and that it owns multiple trademarks, including the Ozarka Brand trademark. Except as specifically admitted, NWNA denies the remaining allegations contained in Paragraph 6 of the Complaint.

## **The Telephone Consumer Protection Act**
## **(TCPA) 47 U.S.C. §227**

7. NWNA admits that Congress enacted the TCPA in 1991 and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations concerning enactment of the TCPA and, therefore, denies them.

8. The allegations set forth in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

9. The allegations set forth in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

10. The allegations set forth in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

11. The allegations set forth in Paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

12. The allegations set forth in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

13. The allegations set forth in Paragraph 13 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

14. NWNA denies the allegations contained in Paragraph 14 of the

Complaint.

15. The allegations set forth in Paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

16. The allegations set forth in Paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

17. The allegations set forth in Paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

## The Fair Debt Collections Practices Act (FDCPA)
## 15 U.S.C. §1692

18. The allegations set forth in Paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

19. The allegations set forth in Paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

20. The allegations set forth in Paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

21. The allegations set forth in Paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

## Plaintiff's Factual Allegations

22. NWNA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 as to Plaintiff's citizenship and, therefore, denies them. The remaining allegations set forth in Paragraph 22 are

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CA 92121
(619) 236-1414

1  legal conclusions to which no response is required.  To the extent an answer is
2  deemed necessary, NWNA denies the allegations.

3      23.  The allegations set forth in Paragraph 23 of the Complaint are legal
4  conclusions to which no response is required.  To the extent an answer is deemed
5  necessary, NWNA denies those allegations.

6      24.  NWNA admits that it conducted business in the State of California and
7  County of San Diego.  Except as specifically admitted, NWNA is without
8  knowledge or information sufficient to form a belief as to the truth of the
9  allegations alleged as to defendant C&W and, therefore, denies them.

10      25.  NWNA is without knowledge or information sufficient to form a belief
11  as to the truth of the allegations in Paragraph 25 and, therefore, denies them.

12      26.  NWNA denies the allegations contained in Paragraph 26 of the
13  Complaint.

14      27.  NWNA denies the allegations contained in Paragraph 27 of the
15  Complaint.

16  **The Illegal Calls And Messages**

17      28.  NWNA denies the allegations contained in Paragraph 28 of the
18  Complaint.

19      29.  NWNA denies the allegations contained in Paragraph 29 of the
20  Complaint.

21      30.  NWNA denies the allegations contained in Paragraph 30 of the
22  Complaint.

23      31.  NWNA admits the allegations contained in Paragraph 31 of the
24  Complaint.

25      32.  NWNA denies the allegations contained in Paragraph 32 of the
26  Complaint.

27      33.  NWNA denies the allegation contained in Paragraph 33 that Defendant
28  C&W made a telephone call on behalf of NWNA.  NWNA is without knowledge or

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CA 92121
(619) 236-1414

information to form a belief as to the truth of the remaining allegations in Paragraph 33 and, therefore, denies them.

34. NWNA is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies them.

35. NWNA denies the allegations contained in Paragraph 35 of the Complaint.

36. NWNA denies the allegations contained in Paragraph 36 of the Complaint.

37. NWNA denies the allegations contained in Paragraph 37 of the Complaint.

38. NWNA denies the allegations contained in Paragraph 38 of the Complaint.

39. NWNA denies the allegations contained in Paragraph 39 of the Complaint.

40. NWNA is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, denies them.

41. NWNA denies the allegations contained in Paragraph 41 of the Complaint.

42. NWNA denies the allegations contained in Paragraph 42 of the Complaint.

43. The allegations set forth in Paragraph 43 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

44. The allegations set forth in Paragraph 44 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

45. NWNA denies the allegations contained in Paragraph 45 of the Complaint.

46. NWNA denies the allegations contained in Paragraph 46 of the Complaint.

47. The allegations set forth in Paragraph 47 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies those allegations.

## Class Action Allegations

48. NWNA admits that Plaintiff brings this action on behalf of himself and denies all remaining allegations contained in Paragraph 48.

49. NWNA denies the allegations contained in Paragraph 49 of the Complaint.

50. NWNA is without knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and, therefore, denies them.

51. NWNA denies that there is a class, as defined by Plaintiff, and, therefore, no response is required as to Plaintiff's allegations as to the persons and entities which are excluded from this non-existent class.

52. NWNA denies the allegations contained in Paragraph 52 of the Complaint.

53. NWNA denies the allegations contained in Paragraph 53 of the Complaint.

54. The allegations set forth in Paragraph 54 are legal conclusions to which no response is required. To the extent an answer is deemed necessary, NWNA denies the allegations contained in Paragraph 54 of the Complaint.

55. NWNA denies the allegations contained in Paragraph 55 of the Complaint.

56. NWNA denies the allegations contained in Paragraph 56 of the Complaint.

57. NWNA denies the allegations contained in Paragraph 57 of the Complaint.

58. NWNA denies the allegations contained in Paragraph 58 of the Complaint.

59. NWNA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and, therefore, denies them.

60. NWNA denies the allegations contained in Paragraph 60 of the Complaint.

## First Cause Of Action
## Negligent Violations Of The Telephone Consumer Protection Act
## 47 U.S.C. §227

### (AGAINST ALL DEFENDANTS)

61. NWNA repeats and reasserts its responses to the allegations of Paragraphs 1 through 60 of the Complaint as if the same were set forth at length herein.

62. NWNA denies the allegations contained in Paragraph 62 of the Complaint.

63. NWNA denies the allegations contained in Paragraph 63 of the Complaint.

64. NWNA denies the allegations contained in Paragraph 64 of the Complaint.

## Second Cause Of Action
## Knowing and/or Willful Violations Of
## The Telephone Consumer Protection Act
## 47 U.S.C. §227

### (AGAINST ALL DEFENDANTS)

65. NWNA repeats and reasserts its responses to the allegations of Paragraphs 1 through 64 of the Complaint as if the same were set forth at length herein.

66. NWNA denies the allegations contained in Paragraph 66 of the Complaint.

67. NWNA denies the allegations contained in Paragraph 67 of the

DENTONS US LLP
4655 EXECUTIVE DRIVE, SUITE 700
SAN DIEGO, CA 92121
(619) 236-1414

Complaint.

68. NWNA denies the allegations contained in Paragraph 68 of the Complaint.

69. NWNA denies the allegations contained in Paragraph 69 of the Complaint.

### Third Cause Of Action
### Violations Of The Fair Debt Collection Practices Act
### 15 U.S.C. §1692 *et seq.*

### (AGAINST DEFENDANT CAINE & WEINER)

70. NWNA repeats and reasserts its responses to the allegations of Paragraphs 1 through 69 of the Complaint as if the same were set forth at length herein.

71-75. The Third Cause of Action for violation of the Fair Debt Collection Practices Act is alleged solely and exclusively as against defendant C&W. As there are no allegations alleged against NWNA, NWNA need not respond to the allegations in Paragraphs 71-75 of the Complaint.

### Prayer for Relief

To the extent a response is required to Plaintiff's Prayer for Relief, NWNA denies that Plaintiff is entitled to the relief he seeks.

### Separate Defenses

NWNA sets forth below its separate defenses. Each separate defenses is asserted as to all claims against NWNA. By setting forth these defenses, NWNA does not assume the burden of proving any fact, issue or element of a cause of action, where such burden properly belongs to Plaintiff. Nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations. NWNA reserves the right to assert additional separate defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

As separate and distinct defenses, NWNA alleges as follows:

**First Separate Defense**

Plaintiff fails to state a claim upon which relief can be granted.

**Second Separate Defense**

This Court lacks subject matter jurisdiction, as Plaintiff does not have a standing to bring this lawsuit in this Court.

**Third Separate Defense**

NWNA cannot be liable under the TCPA, where Plaintiff consented to receive autodialed calls on his cell phone by providing his cell phone number to NWNA or an agent of NWNA, or in any other manner. This defense is asserted in the alternative to the argument that lack of consent is an element of a TCPA claim. Nor can NWNA be liable for calls made to Plaintiff with whom NWNA had an established business relationship.

**Fourth Separate Defense**

The alleged claims are barred with respect to Plaintiff to the extent he incurred no additional charge for the calls allegedly received in violation of the TCPA.

**Fifth Separate Defense**

The alleged claims are barred to the extent that they seek to hold NWNA liable for calls it did not make.

**Sixth Separate Defense**

Finding NWNA liable for calling a recipient who wished to receive the calls or did not object to receiving the calls would violate the First Amendment of the United States Constitution and similar provisions of various state constitutions.

**Seventh Separate Defense**

The TCPA is unconstitutionally vague and overbroad with respect to the definition of "automatic telephone dialing system."

**Eighth Separate Defense**

NWNA cannot be liable for any purported violations of 47 U.S.C. §227(c)(5) because it established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations purportedly in violation of the regulations prescribed under that subsection.

**Ninth Separate Defense**

NWNA did not engage in any knowing or willful conduct towards Plaintiff in violation of the TCPA.

Dated:   February 16, 2017                    Respectfully submitted,

DENTONS US LLP

By: */s/ Christopher J. Healey*
     Christopher J. Healey
     Robert A. Cocchia

Email:  chris.healey@dentons.com
            robert.cocchia@dentons.com

Jeffrey M. Garrod
(Admitted *Pro Hac Vice*)
ORLOFF, LOWENBACH,
STIFELMAN & SIEGEL, P.A.
Email:  jmg@olss.com

Attorneys for Defendant
NESTLÉ WATERS
NORTH AMERICA INC.

## CERTIFICATE OF SERVICE

I, Christopher J. Healey, certify that I caused to be served upon the following counsel and parties of record a copy of the following document(s):

**ANSWER TO SECOND AMENDED COMPLAINT**

as indicated/listed on the United States District Court, Southern District of California's CM/ECF registered email list in the above-referenced matter.

| | |
|---|---|
| Kira M. Rubel, Esq.<br>Law Offices of Kira M. Rubel<br>19689 7th Ave., NE, Ste. 160<br>Poulsbo, WA  98370<br>Telephone: 800.836.6531<br>Facsimile:  206.238.1694<br>Email:  krubel@kmrlawfirm.com | David J. Kaminski, Esq.<br>CARLSON & MESSER LLP<br>5959 W. Century Boulevard, Suite 1214<br>Los Angeles, CA  90045<br>Telephone: (310) 242-2200<br>Facsimile:  (310) 242-2222<br>Email: kaminskid@cmtlaw.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant*<br>*CAINE & WEINER COMPANY, INC.* |

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.  Executed at San Diego, California.

Dated:  February 16, 2017              *s/Christopher J. Healey*
                                                                    Christopher J. Healey